WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

United States of America,  )
         Plaintiff,  )
                                  )    CR 05-1410 TUC DCB (HCE)
v.  )
                                  )    **O R D E R**
Anthony David Hibble,  )
         Defendant,  )

After a full and independent review of the record, including the Defendant's objections, the Magistrate Judge's Report and Recommendation ("R & R") is accepted and adopted as the findings of fact and conclusions of law of this Court.[1] The Defendant's Motion to Suppress (document 27) is denied.

On August 25, 2006, the Honorable Hector C. Estrada, United States Magistrate Judge, signed an R & R in this action. He recommends that the Court deny the Defendant's Motion to Suppress and request for a *Franks*[2] hearing. Specifically, Judge Estrada recommends that the motion be denied because the Defendant failed to make a preliminary showing that there was a materially false statement or material omission made knowingly and intentionally or with reckless disregard for the truth by the search warrant affiant, Special Agent Andrews. Judge Estrada found that the search warrant contained substantive support for the issuing judge to

---

[1] Unless different from the Magistrate Judge's findings of fact, the Court relies on the citation of the record contained in the R & R. The Court equally relies on the law as properly stated by the Magistrate Judge.

[2] *Franks v. Delaware*, 438 U.S. 154 (1978).

1 conclude that there was a fair probability that there was child pornography on the Defendant's
2 computer.

3       As grounds for probable cause, SA Andrews attested that on August 4, 2004 from 11:35
4 a.m to 5:30 p.m., she conducted a peer-to-peer search using a keyword term associated with
5 child pornography and observed multiple files available for viewing and downloading from
6 Defendant's IPA. She downloaded two files, labeled as child pornography files, which when
7 opened depicted child pornography. The file names of the 6 other files that SA Andrews found
8 with the peer-to-peer software, reflected that they too would depict child pornography if
9 opened, but they were not opened. On August 6, 2006 from 2:50 to 3:30 p.m., a subsequent
10 search of the internet was conducted. SA Andrews found a third file with a title suggesting it
11 might be child pornography located at Defendant's IPA. The file could not be downloaded and
12 opened, but SA Andrews found a file by the same name at another IPA, and opened it. It too
13 depicted child pornography. SA Andrews confirmed that the IPA accesses by her peer-to-peer
14 search was registered to Cox Communications and assigned to the Defendant.

15       Pursuant to 28 U.S.C. § 636(b), the parties had ten days to file written objections to the
16 R & R. Defendant filed objections. The Government responded. Any objections that have not
17 been raised are waived and will not be addressed by the Court. *See* 28 U.S.C. § 636(b)
18 (objections are waived if they are not filed within ten days of service of the R & R).

19       Defense counsel objects to the Magistrate Judge's R & R because he misunderstood the
20 use and operation of computers, the internet, and technology and was, therefore, mislead by the
21 Government into believing that there was an unequivocal factual basis to support the search
22 warrant. The Defendant argues that the Magistrate Judge should have heard testimony from his
23 expert regarding the inexactitude of the facts relied on to establish probable cause as follows:
24 1) Internet Protocol Addresses (IPA); 2) Activity on Defendant's Computer; 3) Dates and Times
25 of Activities; 4) Where did the Files Come From; 5) File Names; 6) Need More Sources; 7)
26 Banning Users; 8) Hackers and Spoofers, and 9) Investigative Tools.

27
28

Defendant's Objection 1: IPA

Defendant contends that he used an unsecured wireless router to access the internet, which allows anyone to access his IPA if they have WiFi software loaded on their computer. This is the type of technology that is available in coffee shops like Starbucks, which allows any laptop user to use the Starbucks' IPA.  The Defendant challenges the Government's claim that SA Andrews downloaded files from the Defendant's computer because the files could have easily been downloaded from another computer that was accessing the Defendant's IPA.  Also anyone that accesses the IPA through an unsecured wireless router can remotely access Defendant's actual computer and files can be downloaded, uploaded, or deleted from the Defendant's computer without the Defendant even knowing it.  The Defendant argues that SA Andrews should have confirmed that it was in fact Defendant's activity emanating from the Defendant's computer.

Defendant's Objection 2: Activity on Defendant's Computer

The Government failed to investigate that there was activity on the Defendant's IPA after the execution of the warrant, which would have disclosed that his neighbor was accessing the unsecured wireless router.

Defendant's Objection 3:  Dates and Times of Activities:

The Government failed to investigate whether or not the Defendant was at home or at work during the dates and times of activity that it alleged he was on his computer and engaged in the peer-to-peer contact that formed the basis for the search warrant.

Defendant's Objection 4: Where did the Files Come From

The two files that SA Andrews downloaded that were labeled as child pornography and when opened depicted images of child pornography did not unequivocally establish that there was a fair probability that such images would be found on Defendant's computer because after Defendant's computer was seized and searched, the two files were not there.  The Defendant charges that it was a complete misrepresentation to tell the issuing magistrate judge that the files came from the Defendant's computer without establishing that the Defendant was the actual person using the IPA and conducting the activity.

Defendant's Objection 5: File Names

The six files with descriptive names leading the issuing Magistrate Judge to believe that they contained child pornography were files that appeared in the search results window as coming from the IPA registered to the Defendant, but any conclusions drawn are mere assumptions because these six files were never downloaded and opened. Like the two files SA Andrews downloaded, these six files were not found on Defendant's computer after it was seized and searched. Defendant applies the same argument to these six files to challenge any determinative value regarding the IPA as evidence to support the magistrate judge's probable cause determination.

Defendant's Objection 6: Need More Sources

Defendant charges that SA Andrews misled the Magistrate Judge by suggesting that the error message, "need more sources," meant that too many people were requesting files from the Defendant or that the file had been deleted or moved. Defendant argues that the error message actually showed that the file did not exist on Defendant's hard drive and because the file was never downloaded and opened, there was no evidence that Defendant was ever in possession of the file. In other words, it is mere speculation to base the probable cause determination on the fact that SA Andrews received an error message of "need more sources" when she attempted to download the third file. Defendant is also critical of SA Andrews' downloading and opening this third file from another IPA to establish that it depicted child pornography.

Defendant's Objection 7: Banning Users

SA Andrews misled the issuing Magistrate Judge regarding her inability to download files from Defendant's computer by telling the Judge that the error message "could not browse" meant that Defendant was banning other users access to his files. This representation made it look like Defendant was trying to hide something. Defendant argues he is entitled to an opportunity to explain and develop plausible alternative explanations for the error message.

Defendant's Objection 8: Hackers and Spoofers

Defendant complains that the Government failed to conduct an adequate investigation and instead simply plucked files from cyberspace. Defendant accuses the Government of

knowing that peer-to-peer systems expose a computer and files to millions of other users, to abuses by hackers, and that use of wireless equipment opens the door to a user's computer by anyone within range.  Computer evidence is extremely vulnerable to tampering or destruction, therefore, it is a burdensome task to establish probable cause that a particular individual is involved in a computer crime "due to anonymity, computer tampering, hacking, spoofing, identity theft, and viruses, just to name a few."  (Objection at 8-9.)

Defendant's Objection 9: Investigative Tools

It follows that to establish probable cause based on the type of information relied on here, the Government must have other evidence to rule out the above questions.  Defendant argues that SA Andrews should have engaged in communication by using the "chat" function in the peer-to-peer program to determine that the Defendant was the actual user of the computer at the other end of the IPA.  She should have interviewed the Defendant's neighbors to confirm that Defendant was knowledgeable about computers, and that he was using an unsecured wireless router that allowed his neighbor and any passers-by to share his internet connection and IPA. Defendant asserts that simply identifying an IPA does not indicate probable cause that a particular individual, computer, or home is at the other end of that address.

Conclusion:

The Court notes that in large part Defendant's argument is that he must be allowed to challenge the probable cause determination made by the issuing Magistrate Judge based on information that was discovered as a result of the search.  Specifically, Defendant's challenge is based on his use of a wireless router and the alleged technological susceptibility of an IPA to being accessed by others than the registered owner.  At the time of her affidavit of probable cause, SA Andrews had no way of knowing that Defendant was using a wireless router.  This was discovered as a result of the search.

The Government is not required to obtain potentially dispositve information in its affidavit of probable cause. *See, United States v. Gourde*, 440 F.3d 1065, 1073 n. 5 (9th Cir. 2006) ("S*ee: United States v. Miller,* 753 F.2d 1475, 1481 (9th Cir.1985) (holding that an affidavit supported probable cause even though '[i]ndependent verification could have been

easily accomplished in this case and the officers failed to take these simple steps'); *United States v. Ozar,* 50 F.3d 1440, 1446 (8th Cir.1995) ('[T]he magistrate judge erred in focusing his *Franks v. Delaware* analysis on what the FBI could have learned with more investigation ⋯'); *United States v. Dale,* 991 F.2d 819, 844 (D.C.Cir.1993) (noting that 'failure to investigate fully is not evidence of an affiant's reckless disregard for the truth' and that 'probable cause does not require an officer to ⋯ accumulate overwhelming corroborative evidence.')"

Here, SA Andrews affidavit was based on her peer-to-peer search of the internet using a term she knew to be associated with child pornography that discovered files labeled as child pornography available for sharing at an IPA registered to the Defendant. She downloaded and opened two files, verifying that the files available at this IPA depicted child pornography. As noted in the R & R, " . . . a magistrate judge is only required to answer the 'commonsense, practical question of whether there is probable cause to believe that contraband or evidence is located in a particular place before issuing a search warrant."  ® & R at 9.)

The Court looks to the totality of the circumstances. *Illinois v. Gates,* 462 U.S. 213, 246 (1983). "Probable cause means 'fair probability,' not certainty or even a preponderance of the evidence." *Gourde*, 440 F.3d at 1069 (citing *Gates,* 462 U.S. at 246). This Court's after-the-fact scrutiny is not *de novo* review, rather the issuing judge's determination is given great deference. (R& R at 9 (citing Gates, 462 U.S. at 236).) This Court determines whether the magistrate had a substantial basis for concluding there was a fair probability that evidence would be found. *United States v. Seybold,* 726 F.2d 502, 505 (9th Cir.1983).

The Court agrees with the R & R provided by Magistrate Judge Estrada that the warrant was supported by probable cause because there was a fair probability that evidence of child pornography would be found on the computer located at the other end of the IPA. There is no showing to warrant a *Franks* hearing. Defendant's myriad of explanations are more suited to being raised as a defense at trial. R & R at 13.)

**Accordingly,**

1  **IT IS ORDERED** that after a full and independent review of the record, including the
2  Defendant's objections, the Court accepts and adopts the Magistrate Judge's Report and
3  Recommendation (document 33) as the findings of fact and conclusions of law of this Court.
4  **IT IS FURTHER ORDERED** that Defendant's Motion to Suppress (document 27) is
5  DENIED.
6  **IT IS FURTHER ORDERED** that this matter remains referred to Magistrate Judge
7  Hector Estrada for all pretrial proceedings and Report and Recommendation in accordance with
8  the provisions of 28 U.S.C. § 636(b)(1) and LR Civ. 72.1(a), Rules of Practice for the United
9  States District Court, District of Arizona (Local Rules).
10  DATED this 11th day of September, 2006.

David C. Bury
United States District Judge